```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: OCT 04 2013
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SEQUAN DOWNING,

                      Plaintiff,

    -v-

CITY OF NEW YORK, NEW YORK CITY
DEPARTMENT OF CORRECTION, and
JOHN DOES #1-6,

                      Defendants.
------------------------------------------------------------X

13 Civ. 4247 (KBF)

MEMORANDUM
DECISION & ORDER

KATHERINE B. FORREST, District Judge:

On June 19, 2013, Plaintiff Sequan Downing brought this action against the City of New York, the New York City Department of Correction, and Correction Officers John Doe #1–6 claiming violations of 42 U.S.C. § 1983. (Compl. ¶¶ 22, ECF No. 1.)

On August 7, 2013, Defendant City of New York moved to dismiss the Complaint for failure to state a claim upon which relief can be granted. (ECF No. 6.) For the reasons stated below, Defendant's motion is GRANTED.

I.    BACKGROUND

Plaintiff alleges that on October 17, 2011, while a pretrial detainee on Rikers Island, Department of Correction officers denied him access to his medication and his bed, "sucker punched" him, used excessive force against him, and used anti-Muslim language, kicking Plaintiff's kufi (Muslim cap) across the floor. (Compl. ¶12, 16–17.) Plaintiff claims that this incident caused him to suffer physical and

psychological pain, and that he continues to suffer from a sleep disorder. (Compl. ¶ 18.)

Plaintiff does not allege that the officers acted in accordance with an official policy or practice. (See Compl. ¶ 12–20.) Rather, Plaintiff states that the assault "was a violation of the laws of New York State and the rules and regulations governing the conduct of officers employed by the New York City Department of Correction." (Compl. ¶ 25.) Plaintiff also claims that the "New York City Department of Correction failed to properly train and supervise the officers involved in this assault." (Compl. ¶ 26.)

## II.   STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, Plaintiff "must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). In other words, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." Starr v. Sony BMG Music Entm't, 592 F.3d 314, 321 (2d Cir. 2010) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

In applying that standard, the Court accepts as true all well-pled factual allegations, but does not credit "mere conclusory statements" or "threadbare recitals of the elements of a cause of action." Id. Furthermore, the Court will give "no effect to legal conclusions couched as factual allegations." Port Dock & Stone Corp. v. Oldcastle Northeast, Inc., 507 F.3d 117, 121 (2d Cir. 2007).

### III. DISCUSSION

#### A. The City of New York

The Court dismisses Plaintiff's § 1983 claim against Defendant City of New York ("the City") because Plaintiff fails to identify a policy or practice as required for his municipal liability claim, and fails to plead the facts required for a supervisory liability claim.

##### 1. Municipal Liability

Section 1983 grants a cause of action against "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage of any State," violates the constitutional rights of an individual." 42 U.S.C. § 1983 (1996). To hold the City liable under Section 1983, Plaintiff cannot sue it "for an injury inflicted solely by its employees or agents," but rather must identify a "policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy," pursuant to which Defendants inflicted the injury. Monell v. Dep't of Social Servs., 438 U.S. 658, 694 (1978); see also Oklahoma v. Tuttle, 471 U.S. 808 (1985). Thus, Plaintiff must both "prove the existence of a municipal policy or custom" and "establish a causal connection—an affirmative link—between the

3

policy and the deprivation of his constitutional rights." Vippolis v. Haverstraw, 768 F.2d 40, 44 (2d Cir. 1985) (internal quotation marks omitted).

Plaintiff does not allege the existence of a policy or practice pursuant to which the officers acted. (See Compl. ¶ 12–20.) In fact, Plaintiff does just the opposite: he states that the assault "was a violation of the laws of New York State and the rules and regulations governing the conduct of officers employed by the New York City Department of Correction." (Compl. ¶ 25 (emphasis added).)

Plaintiff argued for the first time in opposition to this motion to dismiss that this Court may infer the existence of a custom, because such unlawful beatings "occur with . . . frequency," and that they are "standard operating procedure" for correction officers, "despite the fact that such unlawful behavior fails to conform to the written policies, rules and regulations" of the City. (Mem. of L. in Opp. to Def.'s Mot. 4–5, ECF No. 8.) However, while Plaintiff states that a custom exists, he fails to allege facts to support these "mere conclusory statements," and the Court is thus not bound to accept them as true. Iqbal, 556 U.S. at 678.

Moreover, Plaintiff's Complaint alleges only a single event, and "[p]roof of a single incident of unconstitutional activity is not sufficient to impose liability under Monell," unless that single incident occurred pursuant to a policy. Tuttle, 471 U.S. at 823–24.

Because Plaintiff fails to plead that his constitutional violations occurred pursuant to a custom or policy, his municipal liability claim is "the antithesis of a

4

Monell claim, and must be dismissed." Overhoff v. Ginsburg Dev., L.L.C., 143 F. Supp. 2d 379, 389 (S.D.N.Y. 2001).

    2.    Supervisory Liability

"It is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite" to a Section 1983 claim. Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994) (internal quotation marks omitted) (citing cases). Thus, "[a] supervisory official cannot be held liable solely on account of the acts or omissions of his or her subordinates." Bellamy v. Mount Vernon Hosp., No. 07 Civ. 1801 (SAS), 2009 WL 1835939, at *4 (2009) (alteration in original) (internal quotation marks omitted). Rather, Plaintiff must allege that the City "failed to supervise the officers in a way that would have prevented the violation of [Plaintiff's] constitutional rights." Amnesty Am. v. West Hartford, 361 F.3d 113, 127 (2d Cir. 2004).

Plaintiff claims that the "New York City Department of Correction ["DOC"] failed to properly train and supervise the officers involved in this assault." (Compl. ¶ 26.) However, he fails to allege any facts supporting this assertion; rather, all misconduct he alleges occurred at the hands of individual officers. (See Compl. 15–17.) Plaintiff certainly does not show that the City's "policymakers were knowingly and deliberately indifferent to the possibility that its . . . officers were wont to violate" Plaintiff's rights. Amnesty Am., 361 F.3d at 127 (internal quotation marks omitted). Plaintiff thus has alleged no facts to support his "mere conclusory

statement[]" that the City failed to supervise its employees. Iqbal, 556 U.S. at 678; see also Port Dock & Stone Corp., 507 F.3d at 121.

The Court therefore dismisses Plaintiff's supervisory liability claim against the City.

B.  The New York City Department of Correction

The claim against the DOC, the second Defendant in this case, "must be dismissed because DOC is not a suable entity." Rivera v. New York, 96 Civ. 7697 (RWS), 1999 WL 13240, at *11n.6 (Jan. 12, 1999); see also Baird v. Perez, 98 Civ. 3762 (SAS), 1999 WL 386746, at *4 (S.D.N.Y. June 10, 1999)). "Section 396 of the New York City Charter states that . . . all actions and proceedings for the recovery of penalties . . . shall be brought in the name of the City of New York and not in that of any agency." Torres v. New York City Dep't of Corrs., 93 Civ. 6296 (MBM), 1995 WL 63159, *2 (S.D.N.Y. Feb. 15, 1995) (internal quotations omitted).

The Court therefore dismisses the Complaint as to the DOC.

## IV.  CONCLUSION

For the aforementioned reasons, Defendant's motion to dismiss pursuant to Rule 12(b)(6) is GRANTED with prejudice as to the City of New York and the New York City Department of Correction. The Clerk of Court is directed to close the Motion at ECF No. 6.

The Court notes that Correction Officers John Doe #1–6 were not served with a Summons in this matter. (ECF No. 1.) The Court therefore grants Plaintiff leave to file a new Complaint if he finds and serves the officers.

SO ORDERED.

Dated: New York, New York
      October 3, 2013

                                                    KATHERINE B. FORREST
                                                    United States District Judge